GABRIEL A. JACKSON, State Bar No. 98119
gaby@jjr-law.com
THOMAS W. J. PURTELL, State Bar No. 229961
tpurtell@jjr-law.com
DANIEL D. O'SHEA, State Bar No. 238534
doshea@jjr-law.com
JACKSON JENKINS RENSTROM LLP
55 Francisco Street, Sixth Floor
San Francisco, CA 94133
Tel:   415.982.3600
Fax:   415.982.3700

GEOFFREY M. BOHN
ROBERT A. BATTEY
BOHN & KOURETAS, PLFC
P.O. Box 17811
Arlington, VA 22216
Tel:   703.599.7076
Fax:   703.842.8089
Email: bohn_kouretas_plc@yahoo.com

SHAWN R. FARMER
MUSKIN & CUSICK, LLC
100 West Main Street, Suite 205
Lansdale, PA 19446
Tel: 215.853.8259
Fax: 215.853.8256
Email: sfarmer@patentstrademarks.com

Attorneys for Plaintiff
BARONESS SMALL ESTATES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (Western Division)

BARONESS SMALL ESTATES, INC.
2395 West 2nd Avenue
Denver, CO 80223

　　　　　　Plaintiff,

　　v.

BJ'S RESTAURANTS, INC.
7755 Center Avenue
Huntington Beach, CA 92647,

　　　　　　Defendants.

Case No. SACV11-00468 JST (Ex)

PLAINTIFF BARONESS SMALL ESTATES, INC.'S VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, AND OTHER RELIEF

TO DEFENDANT BJ'S RESTAURANTS, INC. AND ITS ATTORNEY OF RECORD:

1906330

1

## COMPLAINT WITH JURY DEMAND

Plaintiff Baroness Small Estates, Inc. ("BARONESS"), by and through its counsel, alleges for its Complaint against BJ's Restaurants, Inc. ("BJR") as follows:

### NATURE OF ACTION

1.     This is an action for unfair competition and false advertising under state law, and trademark infringement and unfair competition under federal law, and related claims based on defendant's use of the mark and name TEMPEST and other wrongful acts alleged herein.

### PARTIES

2.     Plaintiff BARONESS is a Colorado corporation whose principal offices are at 2395 West 2nd Avenue, Denver, CO 80223.  BARONESS sells wine in several Western states, including California and Colorado.

3.     Defendant BJR is a California corporation whose principal offices are at 7755 Center Avenue, Huntington Beach, CA 92647.  BJR operates approximately one hundred restaurants in twenty states, including California and Colorado.

### JURISDICTION

4.     This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§1331, 1332 and 1338.  This Court also has subject matter jurisdiction of the unfair competition claims herein under the provisions of 28 U.S.C.A. §1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C.A. §§1051 et seq., and has pendent jurisdiction of any and all state causes of action under 28 U.S.C. §1367.

5.     This Court has personal jurisdiction over defendant because, on information and belief, defendant transacts business and has its principal place of business in the Central District of California.  Further, on information and belief, defendant directs business activities toward and into California through advertisements, promotions and sales, and has offered services in this judicial district.

6.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims for trademark infringement, unfair competition, false advertising, and related claims, occurred in and originated in this District.

1906330                                                        2

**FACTS**

7.      On September 25, 2006, BARONESS filed an application for registration of the mark TEMPEST with the U.S. Patent and Trademark Office ("USPTO"). The TEMPEST mark was published for opposition in the Official Trademark Gazette on February 27, 2007. No opposition was filed by any party. The registration issued on October 7, 2007 on the Principal Register in International Class 33 under the Trademark Act of 1946 (Lanham Act) for use of the mark on wines. A copy of Registration No. 3,303,274 is attached hereto and marked as Exhibit A. Said registration is now outstanding and valid. A copy of the TARR Status page is attached hereto and marked as Exhibit B.

8.      Continuously since on or about April 27, 2007, BARONESS has used the mark TEMPEST to identify its wines and to distinguish them from those made and sold by others by, among other things, prominently displaying the mark TEMPEST on the goods, and their containers. BARONESS has continued to sell wine bearing the mark TEMPEST in interstate commerce. Such use in commerce is extant and continuous.

9.      On or about, May 13, 2008, defendant BJR started selling a beer under the name and mark TEMPEST in its restaurants. A copy of a menu offering the TEMPEST beer is attached as Exhibit C.

10.      On June 8, 2009, BJR filed with USPTO Application Serial Number 77/754,751 in an attempt to register TEMPEST for use on a beer it had been selling at its restaurants called "TEMPEST." In a June 11, 2009 declaration filed with the USPTO, BJR's CFO attested that no other entity had the right to use the TEMPEST mark. A copy of this declaration is attached as Exhibit D.

11.      In a September 10, 2009 Office Action, the USPTO Examiner refused registration of BJR's mark, due to the identical names, similarity of products, and likelihood of confusion with BARONESS's mark TEMPEST. The Office Action included seventy eight (78) attachments in support of its conclusion. The Examiner stated that the marks are similar and the goods are closely related, and specifically found that "[i]n the instant case, the applicant's mark 'TEMPEST' is identical to the registrant's mark 'TEMPEST' in sound, appearance and

1906330                                3

1  meaning."

2      12.    The Examiner further found that the goods are closely related, and specifically

3  stated that:

> The applicant's goods in International Class 32 for "beer" are closely related to the
> registrant's goods in International Class 33 for "wine". All of the applicant's and
> registrant's goods are common alcoholic beverages likely to travel through the
> same channels of trade and to the same classes of purchasers. Please see the
> attached websites showing third parties making both wine and beer…. Various
> alcoholic beverages have been shown to be related goods for purposes of a
> Trademark Act Section 2(d) analysis.

9      13.    On March 10, 2010, BJR responded to the September 10, 2010 USPTO Office

10  Action. BJR argued against the finding of a likelihood of confusion. BJR also requested a

11  change of the mark in the application from TEMPEST to BJ'S TEMPEST.

12      14.    At all material times herein, BJR had used either "TEMPEST," "BJ'S

13  TEMPEST," "TEMPEST IPA," or "BJ'S TEMPEST IPA" in advertising or offering the beer.

14  Additionally, at all material times herein, BJR advertised that it had a federal trademark

15  registration in TEMPEST IPA. A search of the US Patent and Trademark Office revealed no

16  registration or application for "TEMPEST IPA." This was falsely advertised as "TEMPEST

17  IPA ®." A mark that has not received an official registration with any office around the world

18  cannot legally bear the circled "R" trademark symbol.

19      15.    On March 28, 2010, the Examiner was unpersuaded as to BJR's arguments against

20  the finding of a likelihood of confusion and issued a final refusal. In the final refusal, the

21  Examiner stated that:

> The applicant contends that the marks "BJ'S TEMPEST" and "TEMPEST" are
> dissimilar in appearance and sound and that these marks have a different
> commercial impression. The examining attorney respectfully disagrees. When
> marks are otherwise virtually the same, the addition of a house mark is more likely
> to add to the likelihood of confusion than to distinguish the marks; it is likely that
> the two products sold under such marks would be attributed to the same source. In
> re Dennison Mfg. Co., 229 USPQ 141, 144 (TTAB 1986) (holding GLUE STIC
> for general purpose adhesive in stick form likely to be confused with UHU GLU
> STIC for adhesives for paper and stationery); Key West Fragrance & Cosmetic
> Factory, Inc. v. Mennen Co., 216 USPQ 168, 170 (TTAB 1982) (holding SKIN
> SAVERS for face and throat lotion likely to be confused with MENNEN SKIN

1906330

4

1   SAVER for hand and body lotion); see Hammermill Paper Co. v. Gulf States
2   Paper Corp., 337 F.2d 662, 663, 143 USPQ 237, 238 (C.C.P.A. 1964) (holding
    HAMMERMILL E-Z CARRY PAK and E-Z PAPER PAK for carrying cases or
3   boxes for typewriter or duplicator paper likely to be confused with E-Z PAK and
    E-Z CARI for paper bags); TMEP §1207.01(b)(iii).
4
5   The applicant also contends that the cited mark is weak and provides ten
    registrations and one prior pending application to support this statement. It should
6   be noted that none of these marks contains the word "TEMPEST" in any way,
    shape or form and all of these marks create an entirely different commercial
7   impression than the applicant's and cited registration's mark. In fact, the only
    mark that appears in a search of the word TEMPEST" for "beer" and wine" other
8   than the applicant's mark and the cited registration, is Registration Number
9   3317080 "POGGIO TEMPESTA" for "wine" . The translation of record of
    "POGGIO TEMPESTA" is "stormy hill". It is clear that Registration Number
10  3317080 is different than the applicant's mark and the cited registration in sound,
    appearance and meaning. Please see the attached search of the trademark database
11  as evidence. Based on the aforementioned evidence, it appears that the
    "TEMPEST" mark is very strong for both "beer" and "wine."
12
13      16.   The USPTO's final refusal thus found that the BARONESS mark is "very strong"

14  for both beer and wine, and reaffirmed a significant likelihood of confusion between

15  BARONESS's and BJR's products notwithstanding the proposed altered name.

16      17.   Nearly three months later, on June 1, 2010, BJR's counsel contacted plaintiff and

17  sought consent to register BJR's mark.  Plaintiff did not give consent.  BJR's counsel

18  subsequently advised plaintiff that it would stop selling its TEMPEST beer by October 15, 2010.

19  However, this advisement was false as BJR has continued to sell TEMPEST beer after October

20  15, 2010.

21      18.   BJR has sold large quantities of TEMPEST beer at its restaurants, intentionally

22  confusing consumers and materially harming BARONESS.

23      19.   Upon information and belief, BARONESS has suffered actual damages in an

24  amount yet to be determined, but believed to be well in excess of three hundred thousand dollars

25  ($300,000.00), including but not limited to damages to plaintiff's reputation, loss of good will,

26  lost sales and revenues, and diminution in the value of plaintiff's business.

27      20.   Upon information and belief, BJR has made gross sales (and profits thereon) of

28  over one million dollars ($1,000,000.00) from its wrongful activities as alleged herein, which

1906330                                      5

1  belong in equity and should be turned over to plaintiff, both as unjust enrichment from

2  defendants' wrongful acts, and/or as a measure of plaintiff's damages.

3      21.    As a direct and proximate result of defendant's activities, BARONESS has been

4  forced to hire attorneys to defend its rights and to bring the present lawsuit, and to incur costs to

5  prosecute this lawsuit, and has obligated itself to pay attorneys' fees and litigation costs to pursue

6  this lawsuit against defendant.

7          **COUNT I – FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114**

8      22.    Plaintiff repeats and incorporates paragraphs 1-21 herein as if fully stated.

9      23.    Defendant's offering for sale and advertising beer under the various names

10  "TEMPEST," "BJ's TEMPEST," "TEMPEST IPA," or "BJ'S TEMPEST IPA" and use of

11  BARONESS's registered mark TEMPEST for its in-house beer has caused and will likely

12  continue to cause confusion, to cause mistake, and to deceive, damaging BARONESS's

13  reputation and goodwill.

14      24.    Defendant's use of the TEMPEST mark on goods in commerce, and in connection

15  with the sale of the goods was and is without the registrant's consent.

16      25.    Defendant's aforesaid actions constitute an infringement of BARONESS's

17  TEMPEST mark in violation of 15 U.S.C. § 1114.  Defendant's heretofore alleged acts of

18  trademark infringement and unfair competition have been committed with the intent to cause

19  confusion and mistake, to gain sales and customers through the use of Baroness's mark, and to

20  deceive.

21      26.    As a result of defendant's infringement of BARONESS's mark, BARONESS has

22  suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

23      27.    Defendant has profited from its infringement as aforesaid.

24      28.    Defendant's infringement of the TEMPEST mark was and is willful and

25  intentional, under 15 U.S.C. § 1117(a).

26      29.    Plaintiff BARONESS does not have a fully adequate remedy at law.

27        **COUNT II – UNFAIR COMPETITION – LANHAM ACT -- 15 U.S.C. § 1125(a)**

28      30.    Plaintiff repeats and incorporates Paragraphs 1-29 herein as if fully stated.

1906330                                            6

31.   Defendant has used and is using plaintiff's mark in interstate commerce on defendant's alcoholic beverages in a manner that will, as found by the PTO, cause a likelihood of confusion among consumers.

32.   Defendant has profited from its unfair practices as aforesaid.

33.   As a result of defendant's misleading mark, BARONESS has suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

### COUNT III – STATE FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17508(a)

34.   Plaintiff repeats and incorporates Paragraphs 1-33 herein as if fully stated.

35.   By offering its infringing beer to the public through its restaurants, defendant makes false and misleading claims as to the origin of the beverage.

36.   As a result of defendant's actions, BARONESS has suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

### COUNT IV – STATE UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200

37.   Plaintiff repeats and incorporates Paragraphs 1-36 herein as if fully stated.

38.   By offering "TEMPEST" beer to the public, leading to confusion with plaintiff's trademark, defendant has engaged and is engaging in unfair and fraudulent business practices.

39.   As a result of defendant's actions, BARONESS has suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

### COUNT V – COMMON-LAW TRADEMARK INFRINGEMENT

40.   Plaintiff repeats and incorporates Paragraphs 1-39 herein as if fully stated.

41.   By offering alcoholic beverages to California consumers with a mark for which BARONESS has an established mark on a similar product, defendant has degraded BARONESS's property, created a likelihood of confusion between its and BARONESS's products, and violated BARONESS's rights under state common law.

42.   As a result of defendant's actions, BARONESS has suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

### COUNT VI – COMMON-LAW UNFAIR COMPETITION

43.   Plaintiff repeats and incorporates Paragraphs 1-42 herein as if fully stated.

44. By offering "TEMPEST" beer to the public, defendant is effectively trying to pass off its goods as those made and distributed by BARONESS, thereby confusing the public and damaging BARONESS.

45. As a result of defendant's actions, BARONESS has suffered and will continue to suffer monetary damages, in an amount to be determined at trial.

## DAMAGES

46. Plaintiff repeats and incorporates Paragraphs 1-45 herein as if fully stated.

47. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer until defendant is enjoined, the following damages, and those alleged above:

A. Actual damages, including but not limited to loss of sales and damage to its reputation in an amount of not less than three hundred thousand dollars ($300,000.00).

B. Enhanced damages for willful infringement.

C. Defendant's sales as a measure of plaintiff's damages, in an amount of not less than one million dollars ($1,000,000.00).

48. Upon information and belief, defendant knew that its unauthorized use of a mark confusingly similar to plaintiff's registered mark would result in an undue benefit to defendant.

49. Defendant's unauthorized and confusingly similar use of the trademark unjustly enriches the defendant at the expense of plaintiff's reputation and goodwill, in an amount of not less than five hundred thousand dollars ($500,000.00).

## ATTORNEYS' FEES

50. Plaintiff repeats and incorporates Paragraphs 1-49 herein as if fully stated.

51. This is an exceptional case, and plaintiff is entitled to an award of attorney fees under 15 U.S.C. § 1117(a) and other relevant statutory law.

## PUNITIVE DAMAGES

52. Plaintiff repeats and incorporates Paragraphs 1-51 herein as if fully stated.

53. Plaintiff is entitled to punitive damages under California law as a result of defendant's wrongful acts as alleged herein, which are fraudulent, malicious, and oppressive, and

1906330

8

1   with reckless disregard for the rights of BARONESS, in violation of Cal. Civil Code § 3291,

2   which are expected to be sought in an amount of at least one million dollars ($1,000,000.00).

3                                  **PRAYER FOR RELIEF**

4          WHEREFORE, plaintiff asks that this Court grant judgment against defendant for the

5   following relief:

6          A.     Defendant, its officers, agents, servants, employees, and attorneys, and all

7   persons in active concert or participation with any of them, be temporarily restrained, and

8   permanently enjoined from its continuing wrongful acts, including but not limited to the

9   following:

10                 i.     Using the designation "TEMPEST" or any other confusingly

11  similar designation in connection with its beer or wine or related goods or services.

12                 ii.    Competing unfairly with plaintiff in any manner, including

13  unlawfully adopting or infringing on plaintiff's TEMPEST mark or adopting or using any other

14  marks or designations that are confusingly similar to plaintiff's TEMPEST mark.

15                 iii.   Conspiring with, aiding, assisting, or abetting any other person or

16  entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii)

17  above.

18         B.     Defendant, its officers, agents, servants, employees, and attorneys, and all

19  persons in active concert or participation with any of them, deliver for destruction, or show proof

20  of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles,

21  Internet web pages, Internet blogs, videos, audio files, mobile applications and other electronic

22  uses in any form, and advertisements, and any other materials in its possession or control that

23  depict or reference the designation TEMPEST or any other confusingly similar or substantially

24  similar mark, and any materials or articles used for making or reproducing the same, as provided

25  by 15 U.S.C. § 1118.

26         C.     Defendant files with the court and serves on plaintiff, within 30 days after

27  the entry and service on defendant of an injunction, a report in writing and attested to under

28  penalty of perjury setting forth in detail the manner and form in which defendant has complied

1906330                                      9

1   the entry and service on defendant of an injunction, a report in writing and attested to under

2   penalty of perjury setting forth in detail the manner and form in which defendant has complied

3   with the provisions of subparagraphs (A) and (B) above.

4         D.      Plaintiff recover all damages it has sustained as a result of defendant's

5   infringement and unfair competition.

6         E.      Plaintiff be awarded treble damages under 15 U.S.C. § 1117(b).

7         F.      Plaintiff be awarded punitive damages under California law.

8         G.      An accounting be directed to determine defendant's profits resulting from

9   its infringement and unfair competition, and that the profits be paid over to plaintiff, increased as

10  the court determines is appropriate to the circumstances of this case.

11        H.      Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(d).

12        I.      The Court declare this case an exceptional case and award Plaintiff its

13  reasonable attorney fees for prosecuting this action pursuant to 15 U.S.C. § 1117(a).

14        J.      Plaintiff recover its costs of this action, pre-judgment interest, post-

15  judgment, and attorneys' fees, to the fullest extent allowed by plaintiff.

16        K.      An award of punitive damages to plaintiff.

17        L.      Plaintiff be awarded all other such relief as the Court deems just and

18  proper.

19  Dated:  March 24, 2011           JACKSON JENKINS RENSTROM LLP

20

21                                 By:  _____

22                                      DANIEL D. O'SHEA
                                      55 Francisco Street, Sixth Floor

23                                    San Francisco, CA  94133
                                      Tel:  415.982.3600

24                                    Attorneys for Plaintiff
                                      BARONESS SMALL ESTATES, INC.

25

26

27

28

1906330                       10

## VERIFICATION OF COMPLAINT

I, Kevin J. Hicks, on behalf of plaintiff in the above-styled lawsuit, do hereby verify,

under penalty of perjury, that I have read the foregoing Complaint, and that the factual allegations

set forth therein are true and correct, and based upon my personal knowledge, except where

otherwise indicated to be on information and belief, and as to those matters alleged upon

information and belief, I believe them to be true and correct.

Executed at _Denver_____, Colorado, this 23rd day of

March_____, 2011

BARONESS SMALL ESTATES, INC.

By: _____
     Kevin J. Hicks, CEO

1906330                          11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*
United States District Court – Central District (Western Division)
PLAINTIFF'S EXHIBITS A THROUGH D TO PLAINTIFF BARONESS SMALL ESTATES,
INC.'S VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE ADVERTISING, AND OTHER RELIEF

**EXHIBIT A TO COMPLAINT**

PLAINTIFF'S COMPLAINT

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 3,303,274

Registered Oct. 2, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# TEMPEST

BARONESS SMALL ESTATES, INC. (COLORADO CORPORATION)
2395 WEST 2ND AVENUE
DENVER, CO 80223

FOR: RED WINE; TABLE WINES; WHITE WINE; WINE; WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 4-27-2007; IN COMMERCE 4-27-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-006,559, FILED 9-25-2006.

ANDREW RHIM, EXAMINING ATTORNEY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*
United States District Court – Central District (Western Division)
PLAINTIFF'S EXHIBITS A THROUGH D TO PLAINTIFF BARONESS SMALL ESTATES,
INC.'S VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE ADVERTISING, AND OTHER RELIEF

**EXHIBIT B TO COMPLAINT**

PLAINTIFF'S COMPLAINT

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2011-03-01 16:18:18 ET

**Serial Number:** 77006559 <u>Assignment Information</u>       <u>Trademark Document Retrieval</u>

**Registration Number:** 3303274

**Mark**

# TEMPEST

**(words only):** TEMPEST

**Standard Character claim:** Yes

**Current Status:** Registered. The registration date is used to determine when post-registration maintenance documents are due.

**Date of Status:** 2007-10-02

**Filing Date:** 2006-09-25

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**Transformed into a National Application:** No

**Registration Date:** 2007-10-02

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 101

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2007-08-28

---

**LAST APPLICANT(S)/OWNER(S) OF RECORD**

1. Baroness Small Estates, Inc.

**Address:**
Baroness Small Estates, Inc.
2395 West 2nd Avenue
Denver, CO 80223
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Colorado
**Phone Number:** 303 934 1300

## GOODS AND/OR SERVICES

**International Class:** 033
**Class Status:** Active
Red wine; Table wines; White wine; Wine; Wines
**Basis:** 1(a)
**First Use Date:** 2007-04-27
**First Use in Commerce Date:** 2007-04-27

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval"**
**shown near the top of this page.**

2009-04-28 - TEAS Change Of Correspondence Received

2007-10-02 - Registered - Principal Register

2007-08-28 - Law Office Registration Review Completed

2007-08-24 - Allowed for Registration - Principal Register (SOU accepted)

2007-08-03 - Statement Of Use Processing Complete

2007-06-01 - Use Amendment Filed

2007-06-01 - TEAS Statement of Use Received

2007-05-22 - NOA Mailed - SOU Required From Applicant

2007-02-27 - Published for opposition

2007-02-07 - Notice of publication

2007-01-05 - Law Office Publication Review Completed

2007-01-05 - Assigned To LIE

2006-12-13 - Approved For Pub - Principal Register

2006-12-13 - Assigned To Examiner

2006-09-29 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Clinton J. Cusick

**Correspondent**
Clinton J. Cusick
Muskin & Cusick LLC
Suite 205
100 West Main Street
Lansdale PA 19446
Phone Number: 215 853 8255
Fax Number: 775 371 5483

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*
United States District Court – Central District (Western Division)
PLAINTIFF'S EXHIBITS A THROUGH D TO PLAINTIFF BARONESS SMALL ESTATES,
INC.'S VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE ADVERTISING, AND OTHER RELIEF

**EXHIBIT C TO COMPLAINT**

1906330

18

PLAINTIFF'S COMPLAINT

# BJ's Handcrafted Beer & Cider

PASSION IS THE VERY FUEL OF INSPIRATION. OUR AWARD-WINNING HANDCRAFTED
BREWS ARE THE RESULT OF EXPERIENCED AND PASSIONATE BREWERS USING ONLY
THE HIGHEST QUALITY INGREDIENTS AND ADHERING TO A RICH TRADITION OF
BREWING ONLY THE FINEST ALES AND LAGERS.

**NEW SPECIAL BREW**

**TEMPEST IPA**
For hop-heads only! Six different hop varieties contribute to the complex
hop character of this beer. Profoundly hoppy with balanced bitterness, this
is a classic American-style IPA. Perfect paired with spicy items like our
Jambalaya or Santa Fe Salad.    Pint 4.95        Pitcher 14.95

**BJ'S BREWHOUSE BLONDE®**
A light and refreshing pale beer in the style of a German Kolsch. Slightly malty with
delicate hopping to balance. Bottom-fermented and well-conditioned for exceptional
smoothness.        Pint 4.75        Pitcher 13.95

**HARVEST HEFEWEIZEN®**
Not just another wheat beer. Our hefeweizen is fermented with an authentic Bavarian
weizen yeast to produce its unique flavor profile ... fruity, spicy and refreshing. Try it
without a lemon.    Pint 4.75        Pitcher 13.95

**PIRANHA® PALE ALE**
Winner of multiple awards, including Silver Medals in American-style Pale Ale at the
2007 and 2002 Great American Beer Festivals. This hoppy ale is dry-hopped with the
snappy flavor and bite of Cascade hops.    Pint 4.75        Pitcher 13.95

**BJ'S JEREMIAH RED®**
A Silver Medal winner in Strong Ales at the 1996 Great American Beer Festival. This
Irish-style strong ale is brewed with a secret blend of five imported specialty malts.
Not too hoppy in order to emphasize the complex malt flavor and fruity aroma.
Pint 4.75        Pitcher 13.95

**NUTTY BREWNETTE®**
Nutty Brewnette is an American-style brown ale. A blend of four different dark malts
contributes to a flavor profile that is sweet with "nutty" notes. A healthy dose of hops
makes this beer hoppier and more balanced than most English brown ales.
Pint 4.75        Pitcher 13.95

**BJ'S P.M. PORTER®**
This nitrogen-conditioned dark ale is surprisingly smooth and drinkable. Caramel,
molasses and chocolate flavors fill the palate. Its sweet start is perfectly balanced
by a roasted dry finish.        Pint 4.75        Pitcher 13.95

**TATONKA® STOUT**
An Imperial Stout – a style so rich it was once the private beverage of Russian
Czars. The profile is malty sweet, hop bitter, full-bodied and deliciously complex.
Beer doesn't get much more intense than this!    Pint 4.95        Pitcher 14.95

**BERRY BURST CIDER®**
BJ's real berry cider is bursting with flavor. Made with a blend of raspberries,
blackberries and other wild berries for a unique taste experience. The intensely
aromatic and deliciously sweet medley of flavors is balanced by a pleasantly tart
and dry finish. Contains sulfites.
Pint 5.50    Pitcher 15.95        Most Beer & Cider Blends 5.25

**TASTERS**
· 5 oz. taster of any regular BJ's microbrew 1.75
· Tatonka® Stout, Berry Burst Cider® or BJ's Special Brew 1.95
· Four taster set (Blonde, Pale Ale, Red & Porter) 5.75
· Four taster set (any BJ's microbrews) 5.95
· Seven taster set (Blonde, Hefeweizen, Pale Ale, Red, Brewnette, Porter & Stout) 9.95

**KEGS (ONE WEEK'S ADVANCE NOTICE REQUIRED)**
· Mini Kegs (5.2 Gallons)  50.00 plus deposit
· Full Kegs (15.5 Gallons)  135.00 plus deposit

HENDERSON BEER 02.09



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*
United States District Court – Central District (Western Division)
PLAINTIFF'S EXHIBITS A THROUGH D TO PLAINTIFF BARONESS SMALL ESTATES,
INC.'S VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
COMPETITION, FALSE ADVERTISING, AND OTHER RELIEF

### EXHIBIT D TO COMPLAINT

1906330

20

Mark:            TEMPEST
Client Code:     CPBINC.071T

## DECLARATION

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of the applicant; he believes the applicant to be the owner of the trademark/service mark sought to be registered, that, as of the application filing date, the mark is in use in commerce and was in use in commerce on or in connection with the specified goods or services listed in the application; and/or, if the application is being filed under 15 U.S.C. §§ 1051(b), 1126(d) or 1126(e), he believes applicant to be entitled to use such mark in commerce; that, as of the application filing date, applicant had and has a bona fide intention to use the mark in commerce or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services on or in connection with the specified goods or services not yet in use as listed in the application; that the facts set forth in the application are true and correct; to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

BJ's Restaurants, Inc.

Dated: 6|9|2009          By: _____

Gregory S. Levin
Executive Vice President and CFO

7002674

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BARONESS SMALL ESTATES, INC. | BJ'S RESTAURANTS, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gabriel A. Jackson, JACKSON JENKINS RENSTROM LLP 55 Francisco Street, 6th Floor, San Francisco, CA 94133 (415) 982-3600 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☑ MONEY DEMANDED IN COMPLAINT: $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement, 15 U.S.C. Section 1114

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV11-00468

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes

If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Colorado |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  3/24/11

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## SACV11- 468 JST (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

**FOR OFFICE USE ONLY**

| | |
|---|---|
| BARONESS SMALL ESTATES, INC. | ) |
| *2395 WEST 2ND AVENUE, DENVER, CO 80223* | ) |
| *Plaintiff* | ) |
| v. | ) |
| BJ'S RESTAURANTS, INC. | ) |
| *7755 CENTER AVENUE, HUNTINGTON BEACH, CA 92647* | ) |
| *Defendant* | ) |

Civil Action No.

**SACV11-00468** JST (Ex)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BJ'S RESTAURANTS, INC.
7755 Center Avenue
Huntington Beach, CA 92647

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Gabriel A. Jackson
JACKSON JENKINS RENSTROM LLP
55 Francisco Street, Sixth Floor
San Francicso, CA 94133

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR 2 4 2011

Date: _____

CLERK OF COURT

JULIE PRADO   SEAL

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc: