John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205,621)
brian.horne@kmob.com
Jonathan A. Hyman (SBN 212,264)
jonathan.hyman@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
10100 Santa Monica Boulevard
Suite 1600
Los Angeles, CA 90067
Phone (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendant and Counterclaimant
BJ's RESTAURANTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARONESS SMALL ESTATES, INC., a Colorado corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>BJ's RESTAURANTS, INC., a California corporation,<br><br>        Defendant.<br><br>BJ's RESTAURANTS, INC., a California corporation,<br><br>        Counterclaimant,<br><br>   v.<br><br>BARONESS SMALL ESTATES, INC., a Colorado corporation,<br><br>        Counterdefendant. | Case No. SACV11-00468 JST (Ex)<br><br>**DEFENDANT BJ'S RESTAURANTS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br><br>Honorable Josephine Staton Tucker |

Defendant BJ'S RESTAURANTS, INC. ("BJ's"), by and through its counsel of record, hereby answers the Complaint for Trademark Infringement, Unfair Competition, False Advertising, and Other Relief of Plaintiff BARONESS SMALL ESTATES, INC. ("Baroness"), and responds to the numbered allegations of the Complaint as follows:

## NATURE OF ACTION

1. BJ's admits that Baroness has filed an action for unfair competition and false advertising under state law, and trademark infringement and unfair competition under federal law, and related claims based on BJ's use of the mark and name TEMPEST. BJ's denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2. BJ's lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies them.

3. BJ's admits that it is a California Corporation whose principle offices are at 7755 Center Avenue, Huntington Beach, CA 92647. BJ's denies the remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION

4. BJ's admits the allegations contained in Paragraph 4 of the Complaint with respect to the claims that have been plead in the Complaint, but denies that the Court has pendent jurisdiction over "any and all state causes of action."

5. BJ's admits the allegations contained in Paragraph 5 of the Complaint.

6. BJ's admits that venue is proper in this Court. BJ's denies all remaining allegations contained in Paragraph 6 of the Complaint

///

**FACTS**

7. BJ's admits that Exhibits A and B attached to the Complaint purport to be a copy of Registration No. 3,303,274 and a copy of the TARR status page. BJ's lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and on that basis denies them.

8. BJ's lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis denies them.

9. BJ's admits the allegations contained in Paragraph 9 of the Complaint. BJ's admits that Exhibit C attached to the Complaint is a copy of a menu offering TEMPEST beer.

10. BJ's admits that it filed U.S. Trademark Application Serial No. 77/754,751 to register the mark TEMPEST for use on beer it had been selling in its restaurants. BJ's admits that Exhibit D attached to the Complaint is a copy of the declaration submitted in connection with U.S. Trademark Application Serial No. 77/754,751, but denies the remaining allegations in Paragraph 10 of the Complaint or that the declaration is determinative of or has any bearing on BJ's alleged liability in this action.

11. BJ's admits that the September 10, 2009, Office Action issued by the USPTO initially refused registration of BJ's mark based on a likelihood of confusion with Baroness's mark TEMPEST and that the quotes attributed to the Examining Attorney appear to be accurate but denies that the Examining Attorney's Office Action is determinative of or has any bearing on BJ's alleged liability in this action.

12. BJ's admits that the September 10, 2009, Office Action issued by the USPTO contends that goods in Classes 32 and 33 are related and that the quotes attributed to the Examining Attorney appear to be accurate but denies

that the Examining Attorney's Office Action is determinative of or has any bearing on BJ's alleged liability in this action.

13. BJ's admits the allegations contained in Paragraph 13 of the Complaint.

14. BJ's admits that it does not own a federal registration for TEMPEST IPA. BJ's denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. BJ's admits that the March 28, 2010, Office Action issued by the USPTO maintained the refusal to register BJ's mark and that the quotes attributed to the Examining Attorney appear to be accurate, but denies the remaining allegations contained in Paragraph 15 and denies that the Examining Attorney's refusal is determinative of or has any bearing on BJ's alleged liability in this action.

16. BJ's denies the allegations contained in Paragraph 16 of the Complaint.

17. BJ's admits that on June 1, 2010, BJ's counsel contacted Baroness and requested consent to register the mark BJ'S TEMPEST, that Baroness did not give consent, and that BJ's advised Baroness that it would cease use of the mark BJ'S TEMPEST by October 15, 2010. BJ's denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. BJ's denies the allegations contained in Paragraph 18 of the Complaint.

19. BJ's denies the allegations contained in Paragraph 19 of the Complaint.

20. BJ's denies the allegations contained in Paragraph 20 of the Complaint.

21. BJ's denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT –
## 15 U.S.C. § 1114

22. BJ's incorporates by reference its responses to Paragraphs 1-21 of the Complaint as though fully set forth herein.

23. BJ's denies the allegations contained in Paragraph 23 of the Complaint.

24. BJ's admits that it did not have Baroness's consent to use the TEMPEST mark on goods in commerce, but denies that any consent to use the marks BJ'S TEMPEST and TEMPEST on beer sold in BJ's restaurants was required.

25. BJ's denies the allegations contained in Paragraph 25 of the Complaint.

26. BJ's denies the allegations contained in Paragraph 26 of the Complaint.

27. BJ's denies the allegations contained in Paragraph 27 of the Complaint.

28. BJ's denies the allegations contained in Paragraph 28 of the Complaint.

29. BJ's denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT II – UNFAIR COMPETITION – LANHAM ACT –
## 15 U.S.C. § 1125(a)

30. BJ's incorporates by reference its responses to Paragraphs 1-29 of the Complaint as though fully set forth herein.

31. BJ's denies the allegations contained in Paragraph 31 of the Complaint.

32. BJ's denies the allegations contained in Paragraph 32 of the Complaint.

33. BJ's denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT III – STATE FALSE ADVERTISING –
## CAL. BUS. & PROF. CODE § 17508(a)

34. BJ's incorporates by reference its responses to Paragraphs 1-33 of the Complaint as though fully set forth herein.

35. BJ's denies the allegations contained in Paragraph 35 of the Complaint.

36. BJ's denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT IV – STATE UNFAIR COMPETITION –
## CAL. BUS. & PROF. CODE § 17200

37. BJ's incorporates by reference its responses to Paragraphs 1-36 of the Complaint as though fully set forth herein.

38. BJ's denies the allegations contained in Paragraph 38 of the Complaint.

39. BJ's denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT V – COMMON-LAW TRADEMARK INFRINGEMENT

40. BJ's incorporates by reference its responses to Paragraphs 1-39 of the Complaint as though fully set forth herein.

41. BJ's denies the allegations contained in Paragraph 41 of the Complaint.

42. BJ's denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT VI – COMMON-LAW UNFAIR COMPETITION

43. BJ's incorporates by reference its responses to Paragraphs 1-42 of the Complaint as though fully set forth herein.

44. BJ's denies the allegations contained in Paragraph 44 of the Complaint.

45. BJ's denies the allegations contained in Paragraph 45 of the Complaint.

### DAMAGES

46. BJ's incorporates by reference its responses to Paragraphs 1-45 of the Complaint as though fully set forth herein.

47. BJ's denies the allegations contained in Paragraph 47 of the Complaint.

48. BJ's denies the allegations contained in Paragraph 48 of the Complaint.

49. BJ's denies the allegations contained in Paragraph 49 of the Complaint.

### ATTORNEYS' FEES

50. BJ's incorporates by reference its responses to Paragraphs 1-49 of the Complaint as though fully set forth herein.

51. BJ's denies the allegations contained in Paragraph 51 of the Complaint.

### PUNITIVE DAMAGES

52. BJ's incorporates by reference its responses to Paragraphs 1-51 of the Complaint as though fully set forth herein.

53. BJ's denies the allegations contained in Paragraph 53 of the Complaint

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that BJ's bears any burden of proof as to any of them, BJ's asserts the following affirmative defenses:

/ / /

/ / /

## FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

55. Baroness's asserted trademark is invalid and/or unenforceable due to Baroness's misuse of its alleged mark through, for example, Baroness's attempt to extend its alleged rights in such trademark beyond the bounds set by law.

## THIRD AFFIRMATIVE DEFENSE

56. Baroness's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

57. Baroness's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

58. Baroness's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

59. Baroness's claims are barred by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

60. Baroness's claims are barred by the doctrine of acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

61. Baroness has not been damaged in any amount or manner by reason of any act alleged against BJ's in the Complaint, or at all, and therefore the relief prayed for in the Complaint cannot be granted.

## NINTH AFFIRMATIVE DEFENSE

62. Baroness is not entitled to equitable relief because, to the extent that it proves any injury or damages, Baroness has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

63. Baroness's alleged TEMPEST mark lacks secondary meaning.

///

### ELEVENTH AFFIRMATIVE DEFENSE

64. Baroness abandoned its alleged TEMPEST mark through lack of continued use and/or by assignment in gross.

### THIRTEENTH AFFIRMATIVE DEFENSE

65. Baroness is not entitled to equitable relief because, to the extent that it proves any injury or damages, Baroness is not the owner of the TEMPEST mark.

### FOURTEENTH AFFIRMATIVE DEFENSE

66. Baroness abandoned its alleged TEMPEST mark through its failure to protect its trademarks for a period of years by permitting other businesses to operate with similar marks and designations. Therefore, Baroness has waived the enforcement of these marks.

### FIFTEENTH AFFIRMATIVE DEFENSE

67. Baroness is not entitled to equitable relief because, to the extent that it proves any injury or damages, Baroness cannot make lawful use of the TEMPEST mark in U.S. commerce.

### SIXTEENTH AFFIRMATIVE DEFENSE

68. Baroness granted BJ's a release for any potential damages because BJ's ceased use of the TEMPEST mark and abandoned its application in accordance with the parties' agreement.

### SEVENTEENTH AFFIRMATIVE DEFENSE

69. To the extent that BJ's used the BJ'S TEMPEST after October 15, 2010, such use was inadvertent, unintentional, and *de minimis*, and did not injure or damage Baroness or its alleged rights in the TEMPEST mark.

### EIGHTEENTH AFFIRMATIVE DEFENSE

70. Baroness's claims are barred by the doctrine of contractual estoppel.

///

71. There may be additional affirmative defenses to the claims alleged by Baroness that are currently unknown to BJ's. Therefore, BJ's reserves the right to amend its Answer to allege additional affirmative defenses in the event that BJ's discovery of additional information indicates that they are appropriate.

## COUNTERCLAIMS

Defendant/Counterclaimant, BJ'S RESTAURANTS, INC. ("BJ's") hereby sets forth the following Counterclaims against Plaintiff/Counterdefendant BARONESS SMALL ESTATES, INC. ("Baroness").

## JURISDICTION AND VENUE

72. The claims for relief set forth in BJ's Counterclaims arise under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201. By virtue of Baroness's suit against BJ's for alleged infringement of its TEMPEST mark, an actual, substantial, and continuing justiciable controversy exists between BJ's and Baroness with respect to which BJ's requires a declaration of rights by this Court.

73. The Court has subject matter jurisdiction over these counterclaims pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 2201.

74. Plaintiff/Counterdefendant Baroness has submitted to the personal jurisdiction of this Court by filing its Complaint.

75. Venue and personal jurisdiction over Plaintiff/Counterdefendant Baroness is proper in this District under 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

76. BJ's is a California corporation having a principal place of business at 7755 Center Avenue, Suite 300, Huntington Beach, CA 92647.

///

77. Baroness alleges that it is a Colorado corporation having a principal place of business at 2395 West 2nd Avenue, Denver, CO 80223.

### ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

78. BJ's operates numerous restaurants in this district and throughout the United States. BJ's brews its own beer for sale in its restaurants and is well known for its BJ's beers.

79. On May 13, 2008, BJ's launched its TEMPEST beer.

80. On June 8, 2010, Baroness denied BJ's request for consent to register its mark and sent a cease-and-desist letter to BJ's alleging infringement of Baroness's alleged TEMPEST mark (Registration No. 3,303,274) by BJ's use of the mark TEMPEST. Baroness's letter offered not to pursue damages if BJ's would cease use of the TEMPEST mark and abandon its U.S. Trademark Application Serial No. 77/754,751.

81. On September 22, 2010, Baroness sent a letter to inform BJ's that its offer to settle the dispute expired on October 1, 2011.

82. On September 24, 2010, BJ's responded to Baroness's letters stating that there was no likelihood of confusion in view of the differences between the parties' marks and goods, the fact that BJ's goods were marketed only in restaurants, BJ's use of its famous BJ'S mark, the numerous third party use of marks which contain the term TEMPEST in the wine and beverage industry, and the parties' concurrent use of their respective marks in the marketplace without confusion. Without admitting fault or liability, BJ's also agreed to abandon its U.S. Trademark Application Serial No. 77/754,751 and cease use of the TEMPEST mark.

83. On September 29, 2010, the USPTO deemed BJ's U.S. Trademark Application Serial No. 77/754,751 abandoned.

84. On October 15, 2010, BJ's ceased using the mark TEMPEST and instead used the mark HOPSTORM in its place.

- 10 -

85. On March 24, 2011, Baroness filed the present lawsuit. In its Complaint, Baroness alleges that BJ's infringes Baroness's alleged TEMPEST mark (Registration No. 3,303,274).

86. Since at least as early as September 25, 2006, and prior to Baroness's alleged use of its TEMPEST trademark and its filing date of U.S. Trademark Registration No. 3,303,274, numerous third parties have used the TEMPEST mark, and variations thereof, in connection with wine and other alcoholic beverages.

87. BJ's use of its TEMPEST mark in connection with its beer products is not confusingly similar to Baroness's alleged TEMPEST mark.

88. BJ's is being competitively harmed by Baroness's registration for the TEMPEST mark. As evidenced by the filing of this lawsuit, Baroness is attempting to use its registration to prevent BJ's from using the term TEMPEST in any manner. However, BJ's has a right to use the term TEMPEST in connection with its beer.

**FIRST COUNTERCLAIM: DECLARATION OF NON-INFRINGEMENT**

89. BJ's repeats and incorporates by reference Paragraphs 72-88 of the Counterclaim as though fully set forth herein.

90. This is a counterclaim for a declaration of no trademark infringement, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

91. There is no likelihood of confusion between BJ's use of the BJ'S TEMPEST or TEMPEST marks on beer and Baroness's alleged use of its TEMPEST mark on wine.

92. BJ's use of the BJ'S TEMPEST or TEMPEST marks on beer does not cause a likelihood of confusion with Baroness's alleged use of its TEMPEST mark on wine.

93. BJ's use of the BJ'S TEMPEST or TEMPEST marks on beer does not infringe Baroness's alleged TEMPEST mark on wine.

## SECOND COUNTERCLAIM: CANCELLATION OF
## U.S. REGISTRATION NO. 3,151,417

94. BJ's repeats and incorporates by reference Paragraphs 72-93 of the Counterclaim as though fully set forth herein.

95. This is a counterclaim for cancellation of U.S. Trademark Registration No. 3,303,274 under 15 U.S.C. § 1119.

96. U.S. Trademark Registration No. 3,303,274 for the mark TEMPEST has a registration date of October 2, 2007.

97. On information and belief, Baroness and/or its predecessor(s) abandoned use of the mark TEMPEST pursuant to 15 U.S.C. 1127 by discontinuing use of the mark on its products with an intention not to resume use and/or through lack of control over use of the mark, and/or by an assignment(s) in gross.

98. On information and belief, Baroness and/or its predecessor(s) abandoned its alleged rights in the mark TEMPEST by failing to control use of the mark TEMPEST by third parties on alcoholic beverages. Thus, the mark is not entitled to registration under 15 U.S.C. 1127.

99. BJ's is being competitively harmed by the continued registration of the TEMPEST mark, U.S. Registration No. 3,303,274.

100. In view of the foregoing, Baroness's U.S. Trademark Registration No. 3,303,274 should be cancelled pursuant to 15 U.S.C. § 1119.

## THIRD COUNTERCLAIM: DECLARATION OF INVALIDITY AND/OR UNENFORCEABILITY OF THE MARK TEMPEST

101. BJ's repeats and incorporates by reference Paragraphs 72-100 of the Counterclaim as though fully set forth herein.

102. This is a counterclaim for a declaration of invalidity and unenforceability under the Declaratory Judgment Act, 28 U.S.C. § 2201.

///

- 12 -

103. Upon information and belief, the mark TEMPEST is invalid.

104. Upon information and belief, Baroness owns no enforceable rights in the mark TEMPEST.

105. In view of the foregoing, Baroness's U.S. Trademark Registration No. 3,303,274 should be cancelled pursuant to 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, BJ's respectfully requests that this Court:

A. Order that Baroness take nothing by its Complaint and enter judgment in favor of BJ's and against Baroness;

B. Dismiss Baroness's Complaint with prejudice;

C. Award BJ's its costs, disbursements, and reasonable attorneys' fees (including expert fees) as provided for by law;

D. Award BJ's such other and further relief as the Court deems just and proper;

E. Declare that BJ's has not and does not infringe the TEMPEST trademark;

F. Declare that Baroness's TEMPEST mark is invalid and/or unenforceable; and

G. Issue an order directing the United States Patent and Trademark Office to cancel Baroness's U.S. Registration No. 3,303,274 for the mark TEMPEST.

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant BJ's demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 18, 2011          By: /s/ 
John B. Sganga, Jr.
Brian C. Horne
Jonathan A. Hyman

Attorneys for Defendant and Counterclaimant
BJ's RESTAURANTS, INC.

- 14 -

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 10100 Santa Monica Boulevard, Suite 1600, Los Angeles, California. On May 18, 2011, I served the within **DEFENDANT BJ'S RESTAURANTS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows (VIA U.S. MAIL):

Gabriel A. Jackson,
Thomas W. J. Purtell,
Daniel D. O'shea,
JACKSON JENKINS RENSTROM LLP
55 Francisco Street, Sixth Floor
San Francisco, CA 94133

Geoffrey M. Bohn
Robert A. Battey
BOHN & KOURETAS, PLFC
P.O. Box 17811
Arlington, VA 22216

Shawn R. Farmer
MUSKIN & CUSICK, LLC
100 West Main Street, Suite 205
Landsdale, PA 19446

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2011 at Los Angeles, California.

_____
Doreen P. Buluran

11205574