O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baroness Small Estates, Inc., | CASE NO. SACV 11-00468-JST (Ex) |
| Plaintiff, | |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** |
| BJ's Restaurants, Inc., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Dismiss, or in the Alternative, to Strike Defendant's Counterclaims and Certain Affirmative Defenses. (Doc. 19.) Defendant opposed the motion on July 18, 2011. (Doc. 27.) Plaintiff filed a reply on July 25, 2011. (Doc. 35.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for August 8, 2011, at 10:00 a.m. is VACATED. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Dismiss, and GRANTS in part and DENIES in part Plaintiff's Motion to Strike.

I. BACKGROUND

This trademark dispute arises from the use of the mark "Tempest." On March 24, 2011, Plaintiff Baroness Small Estates, Inc. ("Baroness") filed a complaint against Defendant BJ's Restaurants, Inc. ("BJs") for trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125, false advertising and unfair competition under state law, and related common law claims. (Doc. 1 ¶¶ 22-45.)

Baroness claims that on October 7, 2007, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Trademark Registration No. 3,303,274 to Baroness for use of the mark "Tempest." (*Id*. ¶ 7.) Thereafter, BJs began selling beer under the name "Tempest," which Baroness claims BJs continues to do in violation of federal and state law (*Id*. ¶¶ 9, 17.)

On May 18, 2011, BJs filed an answer to the complaint along with counterclaims against Baroness seeking: (1) a declaration under the Declaratory Judgment Act that it has not infringed on Baroness' "Tempest" mark; (2) cancellation of Baroness' U.S. Trademark Registration No. 3,303,274; and (3) a declaration under the Declaratory Judgment Act that Baroness' "Tempest" mark is invalid and/or unenforceable. (Doc. 17 ¶¶ 89-105.)

In support of its claims, BJs alleges that on May 13, 2008, it began selling "Tempest" beer in its restaurants. (*Id*. ¶ 79.) It subsequently filed U.S. Trademark Application No. 77/754,751 to register the "Tempest" mark. (*Id*. ¶ 82.) When the USPTO

denied its application, BJs requested that Baroness consent to BJs' registration of the "Tempest" mark for use on its beer. (*Id.* ¶ 80.) Baroness denied BJs request on June 8, 2010. (*Id.*)

On that same day, Baroness issued a cease-and-desist letter to BJs setting forth its position that the sale of "Tempest" beer infringed on Baroness' "Tempest" mark, and offering not to pursue damages if BJ's voluntarily ceased use of the name "Tempest" and abandoned its U.S. Trademark Application. (*Id.* ¶ 80.) On September 24, 2010, BJs agreed to abandon its trademark application and discontinue use of the "Tempest" mark. (*Id.* ¶ 82.) The USPTO subsequently deemed BJs' U.S. Trademark Application No. 77/754,751 abandoned. (*Id.* ¶ 83.) On October 15, 2010, BJs ceased using the mark "Tempest" and instead used the mark "Hopstorm" in connection with its beer. (*Id.* ¶ 84.) On March 24, 2011, Baroness filed the instant suit alleging BJs' continued infringement of Baroness' "Tempest" mark. (*Id.* ¶ 85.)

II. BARONESS' MOTION TO DISMISS

Baroness moves to dismiss BJs' first and third counterclaims for lack of subject matter jurisdiction, and its second counterclaim for lack of standing. The Court considers each request in turn.

A. First Counterclaim for Declaration of Non-Infringement and Third
   Counterclaim for Declaration of Invalidity and/or Unenforceability
       i. Legal Standard

Baroness asks this Court to dismiss BJs' first and third counterclaims under Federal Rule of Civil Procedure 12(b)(6) because BJs failed to satisfy the jurisdictional "case or controversy" requirement under the Declaratory Judgment Act. (Doc. 19 at 2-4.) In so doing, it has incorrectly sought relief under Rule 12(b)(6), instead of Rule 12(b)(1). *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 n.3 (9th Cir. 2007) (motions grounded in argument that a party did not satisfy the "case or controversy" requirement may only be

3

brought under Rule 12(b)(1)).  Accordingly, the Court construes Baroness' motion to dismiss for failure to state a claim under Rule 12(b)(6) as a facial challenge to this Court's subject matter jurisdiction under Rule 12(b)(1).  *See id.* (applying standard for relief under Rule 12(b)(1) to district court ruling improperly decided under Rule 12(b)(6)).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-985 (9th Cir. 2008).

    ii. <u>Discussion</u>

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (2011).  "[A]n action for a declaratory judgment that a patent [or trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product."  *Rhoades*, 504 F.3d at 1157 (alterations in original) (citations and internal quotation marks omitted).[1]  In

---

[1] Baroness asserts that the Court should apply a different standard than that recently set forth by the Ninth Circuit in *Rhoades*.  Baroness would require BJs to show "an explicit threat or other action by the trademark holder, which creates a reasonable apprehension . . . that it will face an infringement suit," and "present activity which would constitute infringement."  (Doc. 19 at 3.)  This test is identical to that articulated by the Federal Circuit in *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1497, 1481 (Fed. Cir. 1998), which the Ninth Circuit expressly disclaimed in *Rhoades*.  *Rhoades*, 504 F.3d at 1157 n.4.  Accordingly, the Court will not apply that standard here.

applying that standard, the Court is required to look to "the position and perceptions of the plaintiff" and looks to the acts of the defendant "in view of their likely impact on competition and the risks imposed upon the plaintiff, to determine if the threat perceived by the plaintiff [is] real and reasonable." *Id.* (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990)).

Applying *Rhoades* to the circumstances of this case, the Court determines that it has subject matter jurisdiction over BJs' counterclaims for declaratory relief. The "threat perceived" by BJs is not only "real and reasonable" in this case, it is well-founded: Baroness filed suit against BJs on March 24, 2011, for alleged continuing infringement of its "Tempest" mark. "If . . . a party has actually been charged with infringement . . . there is, *necessarily*, a case or controversy adequate to support jurisdiction of a . . . counterclaim, under the [Declaratory Judgment] Act." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) ("it is perfectly clear" that district court had jurisdiction to entertain defendant's counterclaim for declaratory judgment of invalidity where plaintiff sued defendant for patent infringement). Accordingly, the Court concludes that it has subject matter jurisdiction over BJs' Declaratory Judgment Act claims, and DENIES Baroness' motion to dismiss BJs' first and third counterclaims.

B. <u>Second Counterclaim for Cancellation of U.S. Registration No. 3,303,274</u>

i. <u>Legal Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, --- F.3d ---, 2011 WL 2988827, at *14 (9th Cir. July 25, 2011).

ii.  Discussion

In order to establish a claim for cancellation under the Lanham Act, the party seeking cancellation must prove two elements:  (1) that "there is a valid ground why the trademark should not continue to be registered;" and (2) that it has standing.  *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 348 (9th Cir. 1984) (citations and internal quotation marks omitted); *see Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002).

In order to establish a "valid ground" for cancellation, a party must plead facts to establish a "statutory ground which negates the [mark holder's] right to the subject registration." *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1031 (C.C.P.A. 1982).  Under the Lanham Act, "[a] registered trademark may be canceled if it has been abandoned." *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1087 (Fed. Cir. 2000); *see* 15 U.S.C. § 1064(3) (2011).

Section 14 of the Lanham Act confers standing to cancel a trademark registration on "any person who believes that he is or will be damaged . . . by the registration of a mark . . . ." 15 U.S.C. § 1064 (2011).  "[T]here is no requirement that damage be proved in order to establish standing." *Star-Kist*, 735 F.2d at 349 (citations and internal quotation marks

omitted). The cancellation petitioner need only "plead . . . facts showing a 'real interest' in the proceedings," which requires a demonstration that it "is more than an intermeddler but rather has a personal interest [in the cancellation], and that there is a real controversy between the parties." *Id*. (citations and internal quotation marks omitted). "The petitioner . . . must show a real and rational basis for [its] belief that [it] would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark." *Id*.

Baroness contends that BJs can fulfill neither the "valid ground" prong, nor the standing prong of *Star-Kist*. With regard to the first prong, BJs has alleged that Baroness abandoned the "Tempest" mark by discontinuing its use, by assignment in gross, or through lack of control. (Doc. 17 ¶ 97.) It need do no more at the pleading stage.

The Court further finds that BJs pleads facts sufficient to confer standing under the second *Star-Kist* prong. BJs has alleged that it brewed and sold "Tempest" beer in its restaurants and sought to register the "Tempest" mark in connection with its product. (*Id*. ¶¶ 79-80.) After Baroness refused to consent to the registration of the "Tempest" mark, it issued a cease-and-desist letter and offered not to pursue damages for infringement if BJs stopped using the name "Tempest." In reliance on that agreement, BJs ceased use of the mark, abandoned its registration application, and began marketing its beer under a new name. (*Id*. ¶¶ 80-84.) Several months later, Baroness filed suit against BJs for infringement of its "Tempest" mark. (*Id*. ¶ 85.) These alleged facts are sufficient to establish that BJs has a "real and rational basis" to believe it will be damaged by Baroness' continued registration of the "Tempest" mark.

Accordingly, for the reasons set forth above, the Court DENIES Baroness' motion to dismiss BJs' second counterclaim.

III. BARONESS' MOTION TO STRIKE

A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"[M]otions to strike, as a general rule, are disfavored." *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty., Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981). This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting Schwarzer, et al., Federal Civil Procedure § 9:375). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996). "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (citation and internal quotation marks omitted). "Were [courts] to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., [they] would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Whittlestone*, 618 F.3d at 974.

B. Third Counterclaim for Declaration of Invalidity and/or Unenforceability

Baroness asks the Court to strike BJs' third counterclaim as redundant of BJs' affirmative defenses. The Court declines to do so.

1    Though BJs' third counterclaim and second affirmative defense both contend that
2 Baroness' "Tempest" mark is invalid, one is not simply a mirror image of the other.
3 Rather, BJs' counterclaim for a declaration of invalidity and unenforceability is
4 independent of Baroness' claims for non-infringement.  *Cardinal Chem Co.*, 508 U.S. at
5 96 ("A party seeking a declaratory judgment of invalidity presents a claim independent of
6 the patentee's charge of infringement.").  While BJs' affirmative defense rises and falls
7 with Baroness' complaint, BJs has independent standing to prosecute its counterclaim.
8    Accordingly, Baroness has failed to show that BJs' third counterclaim contains
9 "redundant, immaterial, impertinent, or scandalous matter."  *See* Fed. R. Civ. P. 12(f).
10 Therefore, the Court DENIES Baroness' motion to strike BJs' third counterclaim.
11        C.  <u>Affirmative Defenses</u>
12    Baroness also asks this Court to strike as insufficient several of BJs' affirmative
13 defenses.  In its opposition, BJs indicated that it had reached an agreement with Baroness
14 to withdraw its first, eighth, ninth, thirteenth, fifteenth, and seventeenth affirmative
15 defenses.  (Doc. 27 at 2 n.1.)  Accordingly, the Court grants Baroness' motion as to those
16 affirmative defenses, and considers only Baroness' motion to strike BJs' third, fourth, fifth,
17 sixth, seventh, tenth, sixteenth, and eighteenth affirmative defenses.
18    Baroness requests that the Court strike these affirmative defenses because they are
19 insufficiently pled.  Baroness contends that the Court is required to apply the "heightened
20 pleading standard" articulated by the Supreme Court in *Twombly* and *Iqbal* to BJs'
21 affirmative defenses.  The Ninth Circuit, however, has not required a heightened pleading
22 standard for affirmative defenses, and the Court declines to apply one here.
23    The Federal Rules of Civil Procedure require a party to "state in short and plain
24 terms its defenses to each claim asserted against it."  Fed. R. Civ. P. (8)(b)(1)(A).  An
25 affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice
26 of the defense."  *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting
27 *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam)).  BJs has
28

notified Baroness of its affirmative defenses, each of which, "while boilerplate, are standard affirmative defenses, appropriate at the outset of the case . . . ." *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862-JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011). Accordingly, the Court DENIES Baroness' motion to strike BJs' third, fourth, fifth, sixth, seventh, tenth, sixteenth, and eighteenth affirmative defenses.

IV.   CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to dismiss Defendant's counterclaims, GRANTS Plaintiff's motion to strike Defendant's first, eighth, ninth, thirteenth, fifteenth, and seventeenth affirmative defense, and DENIES Plaintiff's motion to strike Defendant's third counterclaim and third, fourth, fifth, sixth, seventh, tenth, sixteenth, and eighteenth affirmative defenses.

DATED: August 5, 2011

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE