Gabriel A. Jackson (SBN 98119)
gaby@jjr-law.com
Daniel D. O'Shea (SBN 238534)
ddoshea@jjr-law.com
JACKSON JENKINS RENSTROM LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
Tel: 415.982.3600
Fax: 415.982.3700

Geoffrey M. Bohn-*Pro Hac Vice*
Robert A. Battey-*Pro Hac Vice*
BOHN & KOURETAS, PLFC
P.O. Box 17811
Arlington, VA 22216
Tel: 703.599.7076
Fax: 703.842.8089
bohn_kouretas_plc@yahoo.com

SHAWN R. FARMER-*Pro Hac Vice*
MUSKIN & CUSICK, LLC
100 West Main Street, Suite 205
Landsdale, PA 19446
Tel: 215.853.8259
Fax: 215.853.8256
sfarmer@patentstrademarks.com

Attorneys for Plaintiff and
Counterdefendant
BARONESS SMALL ESTATES, INC.

John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian C. Horne (SBN 205,621)
brian.horne@kmob.com
Laura M. Blau (SBN 265,106)
laura.blau@kmob.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
10100 Santa Monica Boulevard
Suite 1600
Los Angeles, CA 90067
Phone (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Defendant and
Counterclaimant
BJ's RESTAURANTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARONESS SMALL ESTATES, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>BJ's RESTAURANTS, INC., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. SACV11-00468 JST (Ex)<br><br>[~~PROPOSED~~] JOINT STIPULATED PROTECTIVE ORDER<br><br>Honorable Josephine Stanton Tucker |

This Protective Order, entered under Federal Rule of Civil Procedure 26(c), shall govern the exchange of information designated "Confidential" or "Attorneys Eyes Only."

1. As used in this Order, the term "discovery material" includes all information contained in documents, things, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized electronic, transcribed or graphic matter produced by any party or non party or obtained by any party during discovery in this action, and any copies thereof.

2. "Producing Party" and "Designating Party" include any party or third party who provides discovery material.

3. A Producing Party may designate as "Confidential" such technical, commercial, and financial information (including, but not limited to, patterns, plans, designs, prototypes, methods, techniques, processes, procedures, programs, codes, and compilations) that are used in the Designating Party's business, that the Designating Party takes reasonable measures to keep a secret, from which the Designating Party deems independent economic value (actual or potential) from not being generally known and not being readily ascertainable through proper means by the public, and the Designating Party, in good faith, reasonably believes would cause the Designating Party competitive injury if publicly disclosed.

4. Only "Qualified Persons" are authorized to view information designated as "Confidential." Qualified Persons are defined as:

(a) Attorneys of the law firms of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom, in the opinion of the attorney of record for the receiving party, it is necessary that the information be disclosed for purposes of this litigation;

(b) Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purposes of this litigation and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto.

(c) Independent contractors of the law firms of record needed to provide various services such as jury consulting, copying documents, drafting exhibits and graphics, and preparing briefs or other court papers. Such agents, however, may not include any person who is an officer, director, employee or agent of the receiving party or fall in to any other category of this Paragraph 4.

(d) Three officers and/or employees from each party or a company affiliated with the party designated specifically by each party, who agree, in writing, to be bound by the terms of this Protective Order. Each person must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto.

(e) Designated In-House Counsel. "Designated In-House Counsel" means (1) Kendra Miller on behalf of BJ's, and (2) one paralegal and one clerical/stenographic employee on behalf of BJ's, provided the role of the paralegal and clerical/stenographic employee shall be limited to providing administrative support to Designated In-House Counsel. Baroness does not have designated In-House Counsel. Ms. Miller shall complete and sign a copy of the agreement in Exhibit A, attached hereto.

(f) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph (e) must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto.

(g) Court reporters, stenographers, clerks, law clerks, and other court personnel employed by the Court, and court reporters and/or stenographers at depositions.

5. A Producing Party may designate as "Attorneys Eyes Only" discovery materials that satisfy the requirements to be designated "Confidential" and cannot be protected even if subject to the terms of this Order unless its disclosure is limited to the Qualified Persons described in Paragraphs 4(a)-(c) and (e)-(g) of this Order.

6. Before any person who is a consulting or potentially testifying expert witness may be given access to information designated as "Confidential" or "Attorneys Eyes Only" under Paragraph 4(b), the party seeking to provide such access must give written notice to the attorneys for the Designating Party of the intention to make such disclosure, providing the name, business address, and a resume of the background and qualifications of the person to whom disclosure is proposed. Within ten (10) days from the service of said notice, a Designating Party having reasonable grounds to object to such disclosure may serve a written objection, stating the reasons for the objection. No disclosure of information designated as "Confidential" or "Attorneys Eyes Only" to such person may occur prior to the expiration of ten (10) days from the date of service of written notice of intention to disclose unless consent is granted earlier by the Designating Party. When a Designating Party objects to disclosure under this paragraph, the party seeking to make the disclosure must move for leave of Court to make the disclosure and may not make such disclosure without an order of the Court authorizing the disclosure. In the event of an objection, the party objecting to disclosure shall bear the burden to show that disclosure should not be allowed. The requirement of pre-disclosure notice shall not apply to litigation consultants – such as trial consultants, graphics firms, and the like – who are retained to support outside counsel.

7. Any information designated as "Confidential" or "Attorneys Eyes Only" shall not be: (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party for any purpose other than in connection with this litigation.

8. Any Producing Party may designate discovery material as "Confidential" or "Attorneys' Eyes Only" by affixing in a conspicuous place the legend "Confidential" or "Attorneys' Eyes Only" on any discovery material that it believes contains information specified in Paragraphs 3 and 5 above. Such designation shall, to the extent possible, be made at the time the discovery materials are produced. If, however, a Producing Party determines that discovery material containing information specified in Paragraphs 3 and 5 above has inadvertently been produced previously without a "Confidential" or "Attorneys' Eyes Only" designation, that Producing Party may so designate such information for going-forward purposes by providing properly marked copies of the materials to all other parties with instructions that such other parties shall either destroy or return all copies of the previously produced but undesignated materials they may have.

9. In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party. The designation of material as "Confidential" or "Attorneys Eyes Only" constitutes a representation by the Designating Party <u>and</u> its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order.

10. Information disclosed at a deposition may be designated as "Confidential" or "Attorneys Eyes Only" by indicating: (1) on the record at the deposition that the particular testimony should be designated as "Confidential"

- 4 -

or "Attorneys Eyes Only" and treated subject to the provisions of this Protective Order or (2) by indicating in writing within fourteen (14) days of receipt of the transcript by counsel that the particular testimony is designated as "Confidential" or "Attorneys Eyes Only." Until the fourteen (14) day period passes, the material is to be treated as if designated "Attorneys Eyes Only."

11. Notwithstanding any other provision of this Protective Order, a party may show any person any document or thing designated as "Confidential" or "Attorneys Eyes Only" by the other party which that person: (i) has previously seen or (ii) is entitled to see, in a manner which did not violate the terms of this Protective Order.

12. Furthermore, notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by the other party.

13. Use of information designated "Confidential" or "Attorneys Eyes Only" shall be permitted at trial, although the confidentiality of such information at trial may be governed by a trial protective order if such an order is stipulated to by the parties or requested by a party and entered by the Court.

14. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" or "Attorneys Eyes Only" consents, in writing, to such disclosure, withdraws the designation, or if the Court, after notice to all parties, orders such disclosure.

15. This Protective Order shall not apply to information that: (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order); (ii) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the Designating Party; or (iii) the receiving party establishes was already in its rightful and lawful possession at the time of the disclosure.

16. A party shall not be obligated to challenge the propriety of a "Confidential" or "Attorneys Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation. If any party objects to a designation of discovery material as "Confidential" or "Attorneys' Eyes Only," based upon a good faith belief that the discovery material is not entitled to such protection, counsel for the objecting person shall state the objection by letter to counsel for the Designating Party or nonparty. Upon receipt of the letter containing such objection, counsel for the party that designated such discovery material shall have ten (10) business days to confer with counsel for the objecting party and respond to the request and objections. If, at the end of the ten-day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party may apply to the Court for an order changing, removing, or reviewing the designation. The Designating Party shall have ten (10) business days to respond to such application and shall have the burden of demonstrating that the designation was proper under the terms of this Order. Any discovery material that has been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as if properly designated until such time as the Court rules that such discovery should not be so treated.

17. In accordance with Local Rule 79-1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and memorandum in support of the motion.

18. All discovery and other material filed with the Court including, inter alia, transcripts of depositions, exhibits, briefs and memoranda, which have been designated "Confidential" or "Attorneys Eyes Only" shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope (container) contains documents (objects) subject to the protective order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court.

No such sealed envelope or container shall be opened except upon further order of the Court granted pursuant to motion made upon ten (10) business days written notice to counsel of record for all named parties and to counsel of record for the Designating Party. Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access.

19. The Clerk of this Court is directed to maintain under seal all documents, objects, and transcripts of deposition testimony filed in Court in this litigation which have been designated, in whole or in part, as "Confidential" or "Attorneys Eyes Only."

20. Within sixty (60) days after the conclusion of this litigation, originals or reproductions of any documents or things produced by a party containing information designated as "Confidential" or "Attorneys Eyes Only" shall be returned to the Producing Party or destroyed. Principal counsel for each party may retain a single copy of all papers filed with the Court, exhibits,

deposition transcripts, discovery responses, work product, and correspondence. There shall be no restrictions on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.

21. The designation of any material as "Confidential" or "Attorneys Eyes Only" in accordance with this Order is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

22. Inadvertent or unintentional production of documents or information containing any privileged or otherwise protected information shall not be deemed a waiver in whole or in part of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine, provided that the disclosing party promptly notifies the receiving party in writing when such inadvertent production is discovered. Upon receiving written notice from the disclosing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the disclosing party. Furthermore, any analyses, memoranda or notes that were internally generated based upon such inadvertently produced information or material shall immediately be treated in conformance with the protected nature of the information. If the receiving party disagrees with the designation of any such information or material as privileged or otherwise protected after conferring with the disclosing party in good faith, the receiving party shall nonetheless return such information or material to the disclosing party as specified above, but may move the Court

for production of the returned information or material. The disclosing party shall retain all returned information or material for further disposition.

23. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

24. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

25. Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "Confidential" or "Attorneys Eyes Only" provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein to those officers and/or employees designated in Paragraph 4(d), above, or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

26. This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "Confidential" or "Attorneys Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

27. This Protective Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties.

**IT IS SO STIPULATED.**

JACKSON JENKINS RENSTROM LLP

1  Dated:                    By: _____
2                                  Daniel D. O'Shea
3                             Attorneys for Plaintiff
4                             BARONESS SMALL ESTATES
5
6                             KNOBBE, MARTENS, OLSON & BEAR, LLP
7
8  Dated:  10/17/11           By: _____
                                    Brian C. Horne
9                             Attorneys for Defendant
10                            BJ's RESTAURANTS, INC
11 11844680
12
13
14      It is so ordered.
15
16  DATED: 10/21/11           _____
17                             Charles F. Eick
18                             United States Magistrate Judge

- 10 -

## EXHIBIT A

### Confidentiality Statement

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order Governing The Exchange Of Information ("Protective Order") in the matter entitled *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, pending before the United States District Court for the Central District of California, Case No. SACV11-00468 JST (Ex).

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any document designated as "Confidential" or "Attorneys Eyes Only," or information contained in such a document.

6. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Central District of California in respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

_____
Date